IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:08 pm, Jan 06, 2017
JEFFREY P. COLWELL, CLERK

Civil Action No. __16-cv-00489-MSK-NYW__
(To be supplied by the court)

__James R. Dawson, Jr._____, Plaintiff,

v.

__Jeff Archambeau, the CEO of Colorado__,
__Health Partners,__

__Rick Raemisch, Executive Director of__,
__the Colorado Department of Corrections,__

__Susan Tiona, Chief Medical Officer of__,
__the Colorado Department of Corrections,__

__and FCF Health Providers, D. Hibbs__,

__C. Irelend_____,

__T. Sicotte, and_____,

__R. Frickey._____,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV 18 2016
JEFFREY P. COLWELL
CLERK

_____, Defendant(s).

(List each named defendant on a separate line.)

**AMENDED & SUPPLEMENTAL PRISONER COMPLAINT**

(Rev. 1/30/07)

## A. PARTIES

1. <u>Plaintiff James R. Dawson, Jr., F.C.F. Reg. 46709</u>

   <u>P.O. Box 999, Canon City, CO 81215-0999</u>

2. <u>Jeff Archambeau is the Executive Officer of Colorado</u>
   <u>Health Partners, a Health Maintenance Organization</u>
   <u>under legal contract with Rick Raemisch who is the</u>
   <u>Plaintiff's custodian and responsible for his medical</u>
   <u>care and safety. 1125 - 17th Street, Suite 1000,</u>
   <u>Denver, CO 80202.</u> Jeff Archambeau was acting under color of state law through his legal union with Rick Raemisch in his individual and offical capacity when he entered into legal contract with Rick Raemisch to create, implement, and order applied discriminatory policies of acts and omissions used to delay and deny the Plaintiff the cure for his hepatitis-c disease while approving and administering the cost for the cure through a third party health care provider for prisoner James Richards, CDOC Reg. 58096 and other similarly situated prisoners with hepatitis-c disease and thereby exposing the Plaintiff to unnecessary and continued pain and harm from his symptons of end-stage liver disease and risk of fatal liver cancer.

3. <u>Rick Raemisch is the Executive Director of the Colorado</u>
   <u>Department of Corrections and Plaintiff's custodian</u>
   <u>2862 S. Circle Drive, Colorado Springs, CO 80906.</u> Rick Raemisch was acting under color of state law in his in-

(Rev. 1/30/07)                    2.

## A. PARTIES CONTINUED

dividual and official capacity when he entered into contract with Jeff Archambeau to create, implement, and order applied discriminatory policies of acts and omissions used to delay and deny the Plaintiff the cure for his hepatitis-c disease while approving and administering the cost for the cure through a third-party health care provider for CDOC prisoner James Richards, CDOC Reg. 58096 and other similarly situated prisoners with hepatitis-c disease and thereby exposing the Plaintiff to unnecessary and continued pain and harm from his symptons of end-stage liver disease and risk of fatal liver cancer.

4. <u>Susan Tiona is the Chief Medical Officer for the Colorado Department of Corrections and responsible for the Plaintiff's health care. 2862 S. Circle Drive, Colorado Springs, CO 80906</u>. Susan Tiona was acting under color of state law in her individual and official capacity when she signed the approval of the discriminatory policy to provide the cost to cure CDOC prisoner James Richards, CDOC Reg. 58096 and other similarly situated prisoners with hepatitis-c disease through a third party health provider while delaying and denying the Plaintiff the cure for his hepatitis-c disease and thereby exposing the Plaintiff to unnecessary and continued pain and harm from his symptons of end-stage liver disease and risk of fatal liver cancer.

2.     I

## A. PARTIES CONTINUED

5. <u>D. Hibbs is a Fremont Correctional Facility Health Care Provider, P.O. Box 999, Canon City, CO 81215</u>

   D. Hibbs was acting under the color of state law in her individual and official capacity when, after acknowledging that the Plaintiff was suffering from symptons of end-stage liver disease and had not received any treatment from Health Care Providers Irelend, Sicotte, Frickey, or Havens for two years didnot follow protocol of monitoring the progression of the Plaintiff's hepatitis-c disease, didnot order monitoring, or give any medical treatment to the Plaintiff for his hepatitis-c disease for a year.

   D. Hibbs was acting under color of state law in her individual and official capacity when she failed to follow protocol and submit a referral to the CDOC Infectious Disease Committee to have the Plaintiff treated for his hepatitis-c disease within 24 days of acknowledging that the Plaintiff was suffering from symptons of end-stage liver disease and failed to submit the contract signed by the Plaintiff to the appropriate authorities to have the Plaintiff considered for treatment of his hepatitis-c disease.

2. II

## A. PARTIES CONTINUED

6. C. Irelend is a Fremont Correctional Facility Health Care Provider, P.O. Box 999, Canon City, CO 81215, C. Irelend was acting in her individual and official capacity when she didnot follow protocol of monitoring the Plaintiff's hepatitis-c disease, order monitored, or give any medical treatment to the Plaintiff for his hepatitis-c disease for two years and exposed the Plaintiff to unnecessary pain and harm from his symptons of end-stage liver disease and fatal liver cancer. C. Irelend was acting under color of state law.

7. T. Sicotte is a Fremont Correctional Facility Health Care Provider, P.O. Box 999, Canon City, CO 81215 T. Sicotte was acting under color of state law in her individual and official capacity when she didnot follow protocol of monitoring the Plaintiff's hepatitis-c disease, order monitored, or give the Plaintiff any treatment for his hepatitis-c disease for two years and exposed the Plaintiff to unnecessary and continued pain and harm from his symptons of end-stage liver disease and fatal liver cancer.

8. R. Frickey is a Fremont Correctional Facility Health Care Provider, P.O. Box 999, Canon City, CO 81215. R. Frickey was acting under color of state law in his individual and official capacity when he didnot follow

2.    III

## A. PARTIES CONTINUED

protocol of monitoring the Plaintiff's hepatitis-c disease, order monitoring, or give any medical treatment to the Plaintiff for his hepatitis-c disease for two years and exposed the Plaintiff to unnecessary pain and harm from the symptons of end-stage liver disease and fatal liver cancer.

2.   IV

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    **XX**   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ___   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

The Plaintiff was diagnosed with hepatitis-c by CDOC Health Care Providers 25 years ago. The Plaintiff contracted the disease from blood transfusions. The Plaintiff is presently 61 years old and displaying 5 known symptoms of end-stage liver disease. The Plaintiff requested to be treated for hepatitis-c from Health Providers D. Hibbs, C. Irelend, T. Sicotte, and R. Frickey, None of these Health Providers monitored the Plaintiff for progression of his disease for two years. Monitoring meaning, having blood test results and symptom information gathered and submitted to CDOC Chief Medical Officer Susan Tiona and the CDOC Infectious Disease Committee as mandated by the CDOC Clinical Standard of Care Regulation.

(Rev. 1/30/07)                                    3

Between 2015 and 2016, the FDA approved two new drugs to cure 99 percent of all geno types of hepatitis-c disease (Harvoni and Epclusa). On November 17, 2015, the Plaintiff was informed by Inmate James Richards that without having to ask to be treated for his hepatitis-c disease, he and a number of other similarly situated Inmates diagnosed with hepatitis-c were authorized to be given the drug Harvoni by Chief Medical Officer Susan Tiona. Richards informed the Plaintiff that he was cure of the disease in 8 weeks.

Prior to a cure for hepatitis-c being available, Rick Raemisch, Susan Tiona, and Jeff Archambeau created the policy of "eligibility" for receiving treatment for hepatitis-c based upon the CDOC Clinical Standard of Care for Hepatitis-c Regulation consisting of (1), having hep-c for 20 years or more, (2) being under the age of 65, (3) having a life-expectancy of 20 years or more, (4) being at high risk of developing end-stage liver disease or liver cancer, (5) an elevated liver enzyme count for 6 months, (6) sufficient time remaining on an inmate's sentence to complete treatment, and (7) completion of 6 months drug and alcohol education. However, the drug and alcohol education requirement became waivable April 2013. Since cures for hepatitis-c has become available to the public, Defendants Raemisch, Tiona, and Archambeau are irrationally determining the inmates who will receive the cure for hepatitis-c from those who will not receive the cure. The Defendants are treating some inmates with elevated liver

3.    I

enzyme count for 6 months and not treating other identically situated inmates with elevated liver enzyme counts for 6 months. The Defendants are requiring some inmates to take drug and alcohol education while not requiring other identically situated inmates to take drug and alcohol education. The Defendants are implementing the policy of allowing CDOC Health Providers to submit health care information to them as the providers see fit with no rational basis for the difference in information submitted to them. The contract between Rick Raemisch and Jeff Archambeau implemented by Susan Tiona to administer the cost and treatment to cure Inmate James Richards while using the contract to delay and deny the Plaintiff the cure for his hepatitis-c is the denial of equal protection of the law and deliberate indifférence to the Plaintiff's serious medical need. The Plaintiff makes the distinction between being treated for hepatitis-c and cured of the disease to state that Plaintiff's physical pain being endured is crual and unusual punishment in violation of the Eighth Amendment also.

Rick Raemisch has delegated the public function of the Plaintiff's health care and safety to Jeff Archambeau and Susan Tiona to act in concert with him in implementing, and ordering applied discriminatory policies, acts, and omissions reflected in their Hepatitis-c Clinical Standard of Care Reulation to delay and deny the Plaintiff the cure for his serious medical need while administering the cost and treat-

3.    II

ment to James Richards to cure his hepatitis-c disease and cure other similarly situated inmates in their custody. Rick Raemisch, Jeff Archambeau, and Susan Tiona are entwined under color of state law with a third party health care provider for the Plaintiff's health care and safety.

James Richards also informed the Plaintiff that not like the Plaintiff, he did not experience any symptons of end-stage liver disease before being asked if he wanted to be cured of his hepatitis-c disease. The Plaintiff meets all of the Defendant's criteria to be cured of his hepatitis-c disease. The Plaintiff is experiencing upper right-side disabling abdominal pain, swelling in his stomach, light clay colored stool, dark colored urine, bitter taste in his mouth, itching, and extreme fatigue.

3.     III

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Rick Raemisch and Susan Tiona in conjunction with Jeff Archambeau are violating my constitutional rights to equal protection of the law under the Fourteenth Amendment to the United States Constitution by creating, implementing, and ordering applied discriminatory policies of acts and omissions used to delay and deny the cure for hepatitis-c to me while approving and administering the cost for the cure for hepatitis-c for Inmate James Richards through a third party health provider and thereby exposing me to unnecessary and continued pain and substantial risk of develop- fatal liver cancer from end-stage liver disease. The Defendants have provided the cure to other similarly situated prisoners also.

   Supporting Facts:

   Rick Raemisch is the Plaintiff's legal custodian and has given the responsibility of the Plaintiff's health care needs to Susan Tiona (the CDOC Chief Medical Officer). Mr. Raemisch and Ms. Tiona are under contract with Jeff Archambeau (the CEO of Colorado Health Partners). As summarized in the Nature of the Complaint, Rick Raemisch and Susan Tiona in conjuction with Jeff Archambeau are discriminating against me by approving and administering the cost to cure similarly situated prisoners with hepatitis-c while denying me the cure for my hepatitis-c disease.
   On September 18, 2013, the Plaintiff requested to be treated for his hepatitis-c disease by the named Defendants. Since this time period, numerous prisoners under the care of the Defendants have been given the cure for hepatitis-c disease while I have been completely ignored for the cure. To avoid repetition of the facts supporting this claim, please refer to my summary stated in the Nature of the Case.

(Rev. 1/30/07)                                    4

2. Claim Two: F.C.F. Health Providers C. Irelend, T. Sicotte, R. Frickey, and R. Havens were deliberately in-
Supporting Facts: different to my serious medical need in violation of the Eighth Amendment to the United States Constitution for not monitoring, ordering monitored for progression of my hepatitis-c disease, or administering any type of treatment for the symptoms of the disease for two years.

On 11/26/13, I was interviewed by Health Provider C. Irelend. I informed Ms. Irelend that I was diagnosised with hepatitis-c 24 years ago and was experiencing dark tea colored urine, itching, fatigue, swelling in my stomach, light colored stool, and bitter taste in my mouth occasionally. She advised me that she was aware that I had hepatitis-c, that I had requested to be treated and that someone from Mental Health would interview me soon to evaluate my eligibility for treatment.

On 1/7/14, I was interviewed by Health Provider T. Sicotte. I informed Provider Sicotte that I was interviewed by Provider Irelend in November of 2013 and hadnot received any treatment or information regarding when I would be seen by Mental Health Staff. I informed Provider Sicotte about my hepatitis-c symptoms and he informed me that I was scheduled to meet with someone from Mental Health to determine whether I could be treated for hep-c.

On 1/29/14, I was interviewed by R. Frickey. I informed Mr. Frickey regarding being seen by Providers Irelend and Sicotte and informed him that my condition was not improving. He assured me that I would be receiving treatment from either he or one of the other Providrs that had previously interviewed me.

On 1/20/15, a year later, I was interviewed by Health Provider R. Havens, I informed him of my meeting with the other three F.C.F Providers and that I believed that I may have colon cancer based upon my family history rather than my symptoms being from hepatitis-c. I was assured by Mr. Havens that I would receive blood test and monitoring by either he or one of the other Providers for my symptoms.

On August 25, 2015, I signed a contract to be treated for my hepatitis-c disease with the new hep-c cure (Harvoni), but to date have not been seen again, or monitored for progression of the disease. Ms. D. Hibbs evaluated me for the cure. During my interview with each of the above stated Health Care Providers, I informed them that I was experiencing disabling abdominal pain. Ms. Hibbs failed to submit my contract to be treated for hepatitis-c to Susan Tiona or the CDOC Infectious Disease Committee as required by the Hepatitis-c Clinical Standard of Care Regulation. None of the above Providers followed the protocol.

(Rev. 1/30/07)                              5

3. Claim Three: FCF Providers C. Irelend, T. Sicotte, R. Frickey, and D. Hibbs denied the Plaintiff's liberty interest to due process in violation of the Fourteenth Amendment to the United State Constitution by not follwing protocol for the Plaintiff's chronic care requirement to treat the Plaintiff's hepatitis-c disease.

Supporting Facts:

   The Plaintiff has chronic hepatitis-c disease and is assigned chronic care status by the CDOC and CHP. The CDOC and CHP Clinical Standard of Care Regulation demands that the Plaintiff be monitored for progression of his disease every 6 months and the results of the monitoring be submitted to Dr. Susan Tiona and the CDOC Infectiuos Disease Committee. As previously explained, monitoring is ordering blood test and conducting physical examinations to determine elevated liver enzyme counts. Monitoring also include a MELD score (model for end-stage liver disease). This is done by entering results of certain blood test i    into a formula which then yield a number between 6 to 40. A score between 11-15 reflect that a person will likely die without a liver transplant. The Defendants acknowledged that the Plaintiff suffered from numerous sympons of end-stage liver disease and didnot follow protocol for two years. While the CDOC and CHP Clinical Standard of Care Reulation for Hepatitis-c Patients is being arbitrarily implemented by Defendants Raemisch, Archambeau, and Tiona, the Regulation does establish substantive predicates to govern Defendants Irelend, Sicotte, Frickey, and Hibbs' decisionmaking for hepatitis-c patients and mandates 6 month blood testing and physical examinations be conducted by them. The Clinical Standard mandated that Defendant Hibbs and the other named Defendants, after acknowledging that the Plaintiff suffered from end-stage disease, submit a referral within 24 days of their acknowledgement to Dr. Tiona and the CDOC Infectious Disease Committe for consideration of the Plaintiff to be treated, but none of these providers followed protocol.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: John Reilly, Michelle Nycz, Phil Denig, and Irving Jacquez

2. Docket number and court name: 97-z-1943 U.S. District Court For The District of Colorado

3. Claims raised in prior lawsuit: Retaliation for execising right to petition government for redress of grievance.

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): Judgment for Plaintiff

5. If the prior lawsuit was dismissed, when was it dismissed and why? NA

6. Result(s) of any appeal in the prior lawsuit: NA

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

    XX Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                                7

## E. PREVIOUS LAW SUITS

### No. 2

1. Robert Taylor, Ronald Carter, Debbie Outen, Richard Mischiara, and John Bowker

2. 99-cv-148-RPM-BNB

3. Retaliation for filing grievances and law suit, cruel and unusual punishment

4. Jury verdict in favor of Defendants

5. NA

6. Presently on appeal No. 09-1402

### No. 3

1. John Suthers Brad Rockwell, Michael Williams, John Carrol, and Kristy Moore

2. 01-Z-1191

3. Retaliation for challenging DNA testing, Ex post facto claim, Equal protection and Due process claim raised.

4. Complaint settled for cost.

5. NA

6. NA

### No. 4

1. Colo. Dept. of Corr. ex rel Joe Ortiz, Adams County, Jefferson County, El Paso County, Arapahoe County, and City and County of Denver

2. 02-Z-234

3. Taking restitution on discharged sentences. Ex post facto and double jeopardy claims.

4. Case dismissed on the merits.

5. Dismissed on recommendation of the United States Magistrate Judge on March 16, 2003

6. Affirmed on appeal.

7.                                                                        I

E. PREVIOUS LAW SUITS

No. 5

1. Colo. Dept. of Corr. Ex rel Al Estep, Shane Johnson, Endre Samu, John Bowker, and Danny Adams.

2. 03-Z-0466

3. Denial of right to petition for grievance.

4. Jury trial. Verdict for Defendants

5. NA

6. Affirmed on appeal

No. 6

1. William Owens, Joe Ortiz, Gary Watkins, Chris Petrozzi, Anita Bloor, and Anthony Decesaro

2. 03-ES-726

3. Unconstitutional prison conditions, cruel and unusual punishment

4. Dropped Complaint

5. On or about July 30, 2003, Failure to pay filing fee

6. NA

No. 7

1. James Green, and Christopher Hachey

2. 07-cv-02473

3. Deliberate indifference to medical need.

4. Failed to pay filing fee. Show cause Order

5. Dismissed without prejudice for failure to pay filing fee due.

6. NA

7.                                             II.

E. PREVIOUS LAW SUITS

No. 8

1. Martin Egelhoff, Robert McGahey, Joann Vogt, Henry Nieto, Robert Hawthorne, Jose Marquez, Jerry Jones, Sandra Rothenberg, James Casebolt, and David Furman, Colorado State Judges in their official and individual capacities

2. 08-cv-01976-ZLW

3. Discrimintory conduct in State Court procedings, 42 USC 1985 claim, request for prospective injunctive relief and declaratory judgment.

4. Dismissed as legally frivolous and malicious

5. Dismissed October 9, 2008

6. Denied in forma pauperis status. Appeal dismissed as legally frivolous.

No. 9

1. James C. Gillis, CO D. Allen, and Dale O'Connor

2. Case No. no longer available to me. It was destoryed in shake-down

3. Censorship of legal mail.

4. Prospective injunctive relief, nominal and punitive damages.

5. Dismissed on the merits. Date on or about January 2010

6. NA

7. NA

No. 10

1. Paul Audet, Susan Audet aka Deanne Audet, Donald Brightwell, Dino Williams, Angel Medina, Steven Owens, and Anthony DeCesaro

2. 12-cv-00901-MSK-BNB, U.S. District Court For The District of Colorado

7.                                                              III.

E. PREVIOUS LAW SUITS

3. Retaliation for exercising right to petition government for redress of grievance.

4. Proceeded to Jury Trial against Donald Brightwell.

5. Verdict for Brightwell

6. Presently on appeal. Case No. 15-1103

No. 11

1. Meredith Lloyd, Nurse, and Eloise Oliveras, Nurse

2. 14-cv-01920-MSK-NYW, U.S. District Court for The District of Colorado

3. Deliberate Indifference to a serious medical need.

4. Dismissed 9/21/15 for failure to meet the subjective prong of deliberate indifference.

5. Same as above.

6. Presently on appeal. Case No. 15-1367

No. 12

1. Cynthia Coffman

2. 14-cv-01919-MSK-NYW, U.S. District Court for The District of Colorado

3. Enforcement of an unconstitutional state statute.

4. Dismissed with prejudice.

5. Claim was recharacterized without notice as an attack upon a state court judgment.

6. Presently on appeal.

7.                                                              IV

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

In their official capacity, an **Order** to Defendants Rick Reamisch, Jeff Archambeau, and Susan Tiona to administer the hepatitis-c cure to the Plaintiff;

In their individual capacity, unspecified compensatory and punitive damages for physical pain, suffering, and mental anguish from each named Defendant.

**Order** for a Bench Trial

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   November 17th, 2016
                    (Date)

*James R. Dawson Jr.*
(Prisoner's Original Signature)

(Rev. 1/30/07)                                    8