# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00489-MSK-NYW

JAMES RALPH DAWSON, JR.,

      Plaintiff,

v.

JEFF ARCHAMBEAU,
C. IRELEND,
T. SICOTTE,
R. FRICKEY,
RICK RAEMISCH,
SUSAN TIONA, and
D. HIBBS,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Plaintiff James R. Dawson, Jr.'s ("Plaintiff" or "Mr. Dawson") Renewed Motion for Appointment of Counsel Pursuant to 28 USC 1915(e)(1) and D.C.COLO.LAttyR 15(g) (the "Motion"). [#118, filed March 31, 2017]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1), the Order Referring Case dated March 4, 2016 [#6] and the memorandum dated April 3, 2017 [#119]. Because Plaintiff proceeds *pro se*, this court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court cannot act as an advocate, even for a *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This court applies the same procedural rules and substantive law to Mr. Dawson as to a represented party. *See*

*Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir.2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F.

Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

This court has discussed the background of Plaintiff's case in several prior orders, *see,*

*e.g.*, [#79; #99], and will discuss it here only as it pertains to the pending Motion. Mr. Dawson, a

prisoner incarcerated by the Colorado Department of Corrections ("CDOC") at the Fremont

Correctional Facility in Canon City, Colorado, filed this lawsuit on February 25, 2016. [#1].

On March 1, 2016, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915.[1] [#4]. Following an initial screening of Mr. Dawson's Complaint,

the court issued an Order to Dismiss in Part and to Assign Case on March 3, 2016. [#5].

Pursuant to that Order, the court dismissed Mr. Dawson's claims against the CDOC and against

the individual Defendants in their official capacities for monetary relief on Eleventh Amendment

immunity grounds. [*Id.* at 4]. Plaintiff's remaining claims against Defendants Ireland, Sicotte,

Frickey and Havens[2] for monetary relief and against Defendant Archambeau for injunctive relief

were drawn to the Honorable Marcia S. Krieger and the undersigned Magistrate Judge. As

observed by Chief Judge Krieger, Mr. Dawson's factual allegations and claims proceed along

two separate strands: (1) his failure to receive ordinary medical care and monitoring for

Hepatitis C during 2014; and (2) his failure to receive the treatment of Harvoni that began in or

about 2015. [#93 at 2 n.3].

---

[1] Defendant Frickey filed a Motion for Reconsideration of Plaintiff's IFP Status [#29]; however, this court found that he could proceed IFP in this case because he has sufficiently alleged that he is "under danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *see also* [#47].

[2] This court issued a Recommendation that Defendant Havens be dismissed from this proceeding based on his death, which Chief Judge Krieger adopted on December 5, 2016. *See* [#79; #90].

On May 1, 2016, Defendant Frickey filed his Motion to Dismiss Plaintiff's Complaint, arguing Plaintiff failed to allege Defendant Frickey's personal participation in the alleged constitutional deprivations and because he was entitled to qualified immunity. *See* [#27]. Chief Judge Krieger, declined to adopt this court's Recommendation for dismissal and denied Defendant Frickey's Motion to Dismiss on December 12, 2016. *See* [#93]. Accordingly, Defendant Frickey filed his Answer to Plaintiff's Complaint on December 21, 2016. [#95].

Then, on July 26, 2016, Defendants Ireland and Sicotte filed a Motion to Dismiss Mr. Dawson's Eighth Amendment deliberate indifference claim. *See* [#53]. The undersigned recommended denying the Motion to Dismiss, and, by that same order, granted Mr. Dawson's renewed motion to amend his Amended Complaint, but denied his request for appointment of counsel. *See* [#99]. Chief Judge Krieger subsequently adopted this court's recommendation and denied the Motion to Dismiss. [#117].

On February 23, 2017, the undersigned held a Status Conference and granted in part Mr. Dawson's Motion to Extend Discovery [#112]. *See* [#114]. Accordingly, this court extended the discovery cut-off to May 26, 2017, and the dispositive motions deadline to June 23, 2017. [*Id.*].

Mr. Dawson filed the instant Motion on March 31, 2017. [#118]. The undersigned ordered Defendants to file a response by April 7, 2017, and prohibited replies without leave of the court. [#120]. Defendants never filed a response; however, this court may proceed with ruling on the Motion at this time. D.C.COLO.LCivR 7.1(d).

## ANALYSIS

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In

deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule 15(f), the court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the pro se party's claims; and 3) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f), Appointment Procedure under Civil Pro Bono Representation, http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/2014-FINAL-Local%20Attorney%20Rule%2015.pdf. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In the Motion, Mr. Dawson argues that appoint of counsel is necessary because he was been unsuccessful in obtaining the medical records of inmate James Richards, Plaintiff's proposed witness. *See* [#118 at ¶¶ 2, 4–5]. Although Plaintiff received the CDOC's procedures for obtaining medical records, Plaintiff requests that this court compel Defendants to produce Mr. Richards' medical records or, alternatively, appoint Mr. Dawson counsel to obtain those records. *See* [*id.* at ¶¶ 3–4, 6]. Plaintiff also argues that counsel will help him secure an expert in this case. [*Id.* at ¶ 6]. These are largely the issues Plaintiff raised in his original motion to appoint counsel that this court denied. *See* [#97; #99].

The court has considered Mr. Dawson's request for appointed counsel in light of the factors identified in D.C.COLO.LAttyR 15(f) and how this case has progressed to date. To start, it does not appear that Plaintiff's constitutional claims are overly complex and, as explained in its previous ruling, Plaintiff sufficiently alleged his constitutional claims in both his Complaint and proposed Amended Complaint to overcome initial challenges. *See Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (affirming the district court's denial of appointment of counsel because the plaintiff had the ability to understand and present his claims *pro se*).

Next, this court recognizes that, while Mr. Dawson's incarceration may pose some obstacles to his conducting discovery, this alone does not constitute an "extreme case where the lack of counsel results in fundamental unfairness." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Indeed, this court is able to understand Mr. Dawson's filings and expects that Defendants will be able to ascertain what discovery is sought by him. Further, Mr. Dawson's own filings demonstrate that he has been facile in filing numerous cases in this District. [#89-1 at 14–18]. Thus, the Motion is **DENIED without prejudice** to the extent it seeks appointment of counsel.

Lastly, the Motion also requests that this court compel Defendants to produce Mr. Richards' medical records. Plaintiff argues that he has had difficulty obtaining those records, despite receiving a copy of the CDOC's procedures for obtaining medical information. *Cf. Santos v. D'Amico*, 124 F. App'x 509, 510 (9th Cir. 2005) ("The district court did not abuse its discretion by denying Santos' motion to compel the production of medical records because contrary to Santos' contention, he had access to his medical records pursuant to the prison procedure."). Further, while Plaintiff alleges that Mr. Richards "has agreed to sign a medical release to the Plaintiff," Mr. Dawson does not provide Mr. Richards' signed release and this

court is mindful of Mr. Richards' "legitimate interest in maintaining the privacy of [his] medical information." *Rhines v. United States*, No. 3:12-CV-1601, 2014 WL 3829002, at \*4 (M.D. Pa. Aug. 4, 2014) (denying the plaintiff's motion to compel the production of medical information of other inmates); *accord Fontano v. Godinez*, No. 12-CV-3042, 2013 WL 3712406, at \*3 (C.D. Ill. July 12, 2013) (denying the plaintiff's motion to compel the medical records of another inmate; holding, "[t]he Court agrees that inmate Saylor's privacy interest in his medical records should be considered before ordering the production of the records."). It is also unclear whether Mr. Richards' medical records are relevant to this action and subject to discovery under Rule 26(b)(1). Consequently, the Motion is **DENIED without prejudice** to the extent it seeks an order compelling the production of Mr. Richards' medical records.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Mr. Dawson's Renewed Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) and D.C.COLO.LAttyR 15(g) [#118] is **DENIED without prejudice**; and

(2) A copy of this Order shall be sent to following address of record, marked as Legal Mail:

James R. Dawson, Jr.
# 46709
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999 .

DATED: April 19, 2017                    BY THE COURT:

                                         s/Nina Y. Wang_____
                                         Nina Y. Wang
                                         United States Magistrate Judge