# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00489-MSK-NYW

JAMES RALPH DAWSON, JR.,

    Plaintiff,

v.

JEFF ARCHAMBEAU,
C. IRELEND,
T. SICOTTE,
R. FRICKEY,
RICK RAEMISCH,
SUSAN TIONA, and
D. HIBBS,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff James R. Dawson, Jr.'s ("Plaintiff" or "Mr. Dawson") "Second Renewed Motion for Appointment of Counsel Based Upon Court's Recharacterization of Plaintiff's Complaint" (the "Motion"). [#131, filed May 12, 2017]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1), the Order Referring Case dated March 4, 2016 [#6] and the memorandum dated May 12, 2017 [#132]. Because Plaintiff proceeds *pro se*, this court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court cannot act as an advocate, even for a *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This court applies the same procedural rules and substantive law to Mr. Dawson as to a represented party. *See*

*City of Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir.2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

This court has discussed the background of Plaintiff's case in several prior orders, *see, e.g.*, [#79; #99], and will discuss it here only as it pertains to the pending Motion. Mr. Dawson, a prisoner incarcerated by the Colorado Department of Corrections ("CDOC") at the Fremont Correctional Facility in Canon City, Colorado, filed this lawsuit on February 25, 2016. [#1].

On March 1, 2016, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.[1] [#4]. Following an initial screening of Mr. Dawson's Complaint, the court issued an Order to Dismiss in Part and to Assign Case on March 3, 2016. [#5]. Pursuant to that Order, the court dismissed Mr. Dawson's claims against the CDOC and against the individual Defendants in their official capacities for monetary relief on Eleventh Amendment immunity grounds. [*Id.* at 4]. Plaintiff's remaining claims against Defendants Ireland, Sicotte, Frickey and Havens[2] for monetary relief and against Defendant Archambeau for injunctive relief were drawn to the Honorable Marcia S. Krieger and the undersigned Magistrate Judge. As observed by Chief Judge Krieger, Mr. Dawson's factual allegations and claims proceed along two separate strands: (1) his failure to receive ordinary medical care and monitoring for Hepatitis C during 2014; and (2) his failure to receive the treatment of Harvoni that began in or about 2015. [#93 at 2 n.3].

---

[1] Defendant Frickey filed a Motion for Reconsideration of Plaintiff's IFP Status [#29]; however, this court found that he could proceed IFP in this case because he has sufficiently alleged that he is "under danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *see also* [#47].

[2] This court issued a Recommendation that Defendant Havens be dismissed from this proceeding based on his death, which Chief Judge Krieger adopted on December 5, 2016. *See* [#79; #90].

On May 1, 2016, Defendant Frickey filed his Motion to Dismiss Plaintiff's Complaint, arguing Plaintiff failed to allege Defendant Frickey's personal participation in the alleged constitutional deprivations and because he was entitled to qualified immunity. *See* [#27]. Chief Judge Krieger, declined to adopt this court's Recommendation for dismissal and denied Defendant Frickey's Motion to Dismiss on December 12, 2016. *See* [#93]. Accordingly, Defendant Frickey filed his Answer to Plaintiff's Complaint on December 21, 2016. [#95].

Then, on July 26, 2016, Defendants Ireland and Sicotte filed a Motion to Dismiss Mr. Dawson's Eighth Amendment deliberate indifference claim. *See* [#53]. The undersigned recommended denying the Motion to Dismiss, and, by that same order, granted Mr. Dawson's renewed motion to amend his Amended Complaint, but denied his request for appointment of counsel. *See* [#99]. Chief Judge Krieger subsequently adopted this court's Recommendation and denied the Motion to Dismiss. [#117].

On February 23, 2017, the undersigned held a Status Conference and granted in part Mr. Dawson's Motion to Extend Discovery [#112]. *See* [#114]. Accordingly, this court extended the discovery cut-off to May 26, 2017, and the dispositive motions deadline to June 23, 2017. [*Id.*].

Mr. Dawson filed the instant Motion on May 12, 2017. [#131]. This court ordered Defendants to file their responses, if any, on or before June 2, 2017. [#136]. No Defendant has responded; however, this court may proceed with ruling on the Motion at this time. D.C.COLO.LCivR 7.1(d).

## ANALYSIS

I.  **Appointment of Counsel**

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule 15(f), the court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the pro se party's claims; and 3) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f), Appointment Procedure under Civil Pro Bono Representation, http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/2014-FINAL-Local%20Attorney%20Rule%2015.pdf. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

The court has considered Mr. Dawson's request for appointed counsel in light of the factors identified in D.C.COLO.LAttyR 15(f) and how this case has progressed to date. First, Mr. Dawson argues that appoint of counsel is necessary because he "is experiencing severe pain in his upper right and left side of his abdomen and flu symptoms daily." [#131 at ¶ 2]. Plaintiff

4

indicates that his initial Motion for Appointment of Counsel [#97], which this court denied [#99], also argued that his medical ailments necessitated the appointment of counsel. [#131 at ¶ 2]. However, as before, Mr. Dawson again fails to explain how his medical condition and ailments will interfere with his ability to continue to proceed *pro se* in this action. *See Bertolo v. Benezee*, 601 F. App'x 636, 640-41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel, because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). In fact, Mr. Dawson frequently files comprehensible motions in this case, and presented no difficulties appearing for this court's May 4, 2017 Telephonic Status Conference.

Next, Mr. Dawson asserts that Claim I of his operative Amended Complaint [#102] is a "Discrimination, Equal Protection of the Law, and Deliberate Indifference to a Serious Medical Need Claim[,]" not a "complaint about the Plaintiff not receiving Harvoni when it became available." [#131 at ¶¶ 3, 4]. Plaintiff maintains that such a claim, even with representation, is difficult to prove in a medical setting. [*Id.* at ¶ 5]. Thus, Plaintiff again requests the appointment of counsel to help him prove Claim I. This court does not construe Claim I to be a complaint by Plaintiff regarding a *per se* delay in receiving Harvoni when it became available. Rather, this court understands the operative causes of action to be: (1) that Defendants Raemish, Tiona, and Archambeau's "discriminatory policies of acts and omissions used to delay and deny the cure for hepatitis-c to [Plaintiff] while approving and administering the cost for [Harvoni]" to other

similarly situated inmates violates Plaintiff's equal protection rights under the Fourteenth Amendment (Claim I); (2) that Defendants Ireland, Sicotte, and Frickey's deliberate indifference to his serious medical need Hepatitis-C by failing to monitor or ordering the monitoring of his Hepatitis-C violates his rights under the Eighth Amendment (Claim II); and (3) that Defendants Ireland, Sicotte, and Frickey's failure to follow proper protocol in treating Plaintiff's Hepatitis-C violates his due process rights under the Fourteenth Amendment (Claim III). *See* [#102; #131]. However, this court is not persuaded that Mr. Dawson's claims are so complex as to warrant appointment of counsel and, as discussed previously, Mr. Dawson sufficiently pled his claims in his Complaint and Amended Complaint to overcome initial challenges. *See Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (affirming the district court's denial of appointment of counsel because the plaintiff had the ability to understand and present his claims *pro se*). Accordingly, this court **DENIES** Mr. Dawson's request for appointment of counsel.

## II. Medical Records

Alternatively, Mr. Dawson requests that this court issue an order compelling the CDOC to produce the Hepatitis-C medical records of inmate James Richards, because such records will help prove his discrimination claim. [*Id.* at ¶ 7]. In its prior ruling, this court cautioned that it would not infringe upon Mr. Richards' "legitimate interest in maintaining the privacy of [his] medical information" without a signed release, and noted that it was not apparent that Mr. Richards' medical records were relevant to this action or discoverable under Rule 26(b)(1). *See* [#124]. Unlike his prior motion [#118], Mr. Dawson attaches Mr. Richards' signed CDOC Authorization for Use and Disclosure of Health Information. [#131 at 4]. What remains unclear, however, is whether any of the named Defendants have possession, custody, or control of the

6

subject records, as it is questionable that this court can compel the production of Mr. Richards' medical records from the CDOC, a non-party, without a subpoena, despite the signed release. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). Rather, it appears that the more appropriate course of action is for Mr. Dawson to submit Mr. Richards' signed release to the CDOC directly. *See* Colorado Official State Web Portal, Medical Record Requests, *available at* [https://www.colorado.gov/pacific/cdoc/medical-record-requests](https://www.colorado.gov/pacific/cdoc/medical-record-requests) (last visited Jun. 7, 2017) (providing the CDOC contact for medical record requests). Accordingly, this court **DENIES** Mr. Dawson's request for an order compelling the CDOC to produce Mr. Richards' medical records.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Mr. Dawson's "Second Renewed Motion for Appointment of Counsel Based Upon Court's Recharacterization of Plaintiff's Complaint" [#131] is **DENIED without prejudice**; and

(2) A copy of this Order shall be sent to following address of record, marked as Legal Mail:

James R. Dawson, Jr.
# 46709
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999 .

DATED: June 7, 2017        BY THE COURT:

s/Nina Y. Wang_____
Nina Y. Wang
United States Magistrate Judge