IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00489-CMA-NYW

JAMES R. DAWSON, JR.,

    Plaintiff,

v.

JEFF ARCHAMBEAU, CEO of Colorado Health Partners,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
SUSAN TIONA, Chief Medical Officer of the Colorado Department of Corrections,
C. IRELAND, FCF Health Providers,
D. HIBBS,
T. SICOTTE, and
R. FRICKEY,

    Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION**

---

This matter is before the Court on Defendant Robert Frickey's ("Mr. Frickey") Motion for Leave to File Motion for Summary Judgment on the Issue of Exhaustion or for a Pre-Trial Hearing on This Issue ("Motion for Leave") (Doc. # 226). For the reasons detailed below, the Court grants Mr. Frickey's Motion for Leave.

### I.    PROCEDURAL HISTORY

The United States Court of Appeals for the Tenth Circuit's Order and Judgment (Doc. # 202) and Judge Krieger's Opinion and Order on Remand (Doc. # 214) provide a thorough recitation of the factual and procedural background of this case. Those Orders

are incorporated herein by reference, and the facts will be repeated only to the extent necessary to address the instant Motion for Leave.

Plaintiff James R. Dawson, Jr.'s Eighth Amendment claim against Mr. Frickey is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e. PLRA prohibits a prisoner from bringing an action "with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law" until "administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Mr. Frickey asserted the affirmative defense of exhaustion in his Answers to Plaintiff's Complaints. *See* (Doc. # 95 at 6; Doc. # 107 at 7).

Mr. Frickey moved for summary judgment as to Plaintiff's Eighth Amendment claim on July 10, 2017, on the grounds that the undisputed facts showed that he could not meet the elements of his claim. (Doc. # 152 at 6–16.) Mr. Frickey did not address the issue of exhaustion in his 2017 Motion for Summary Judgment. *See* (*id.*). On March 30, 2018, Judge Krieger granted Mr. Frickey's Motion for Summary Judgment (Doc. # 186), and Plaintiff appealed (Doc. # 188). On February 8, 2019, the Tenth Circuit affirmed in part Judge Krieger's summary judgment order and reversed the grant of summary judgment as to Plaintiff's Eighth Amendment claim against Mr. Frickey that arose from Plaintiff's allegations that Mr. Frickey ignored and failed to treat his complaints of "experiencing dark tea colored urine, itching, fatigue, swelling in [his] stomach, light colored stool, and [a] bitter taste in [his] mouth occasionally" as well as his "experiencing disabling abdominal pain." (Doc. # 202 at 9–11.)

After a remand from the Tenth Circuit (Doc. # 205), on January 13, 2020, Judge

Krieger determined that Plaintiff's Eighth Amendment claim against Mr. Frickey as to whether Mr. Frickey was deliberately indifferent to Plaintiff's serious medical needs in failing to provide any treatment for his reported acute pain should proceed to trial. (Doc. # 214 at 27–28). The Court did not address the issue of exhaustion because the parties did not raise it in their briefing. No Final Pretrial Order has been entered in this case. After issuing the Order on Remand, this case was immediately reassigned to this Court. (Doc. # 220.)

On February 3, 2020, Mr. Frickey filed the Motion for Leave in which he seeks leave from the Court to present the affirmative defense of exhaustion prior to a jury trial on the merits, and, alternatively, requests a hearing on the matter prior to trial. (*Id.* at 4, ¶¶ 12, 18.) Mr. Frickey concedes that he makes "an exceptional request" because the Court's Civil Practice Standards only allow each party to file a single motion for summary judgment, but asserts that he makes this request "for the purpose of conserving significant judicial resources and for the purpose[] of addressing in advance an underlying issue which is fundamental to the viability of this case: specifically, an affirmative defense which bars suit." (*Id.* at 4–5.) To that end, Mr. Frickey suggests that his request is consistent with CMA Civil Practice Standard 1.1(a) as pre-trial determination of the exhaustion defense may "obviate the need for a trial against [Mr.] Frickey [and] [a]t the very least, resolving the issue in advance of trial could shorten the duration and scope of proposed witness testimony." (*Id.* at 5, ¶¶ 15–17.)

As to why he did not raise his affirmative defense of exhaustion in his 2017 Motion for Summary Judgment, Mr. Frickey explains that his counsel, Ms. Karen

3

Lorenz, only entered an appearance on January 15, 2020, and her review of the file in preparation for trial demonstrated "that with respect to the sole remaining claim against [Mr.] Frickey, [Plaintiff] failed to exhaust his administrative remedies prior to filing suit." (*Id.* at 3, ¶ 7.) Furthermore, Mr. Frickey avers that prior to the Tenth Circuit's Order, "it was unclear that [Plaintiff] was asserting an Eighth Amendment theory against [Mr.] Frickey involving allegedly untreated abdominal pain separately and distinctly from his Hepatitis C treatment claim." (*Id.* at 4, ¶ 13.) Mr. Frickey asserts that, had "it been clear that [Plaintiff] was asserting such a claim, [Mr.] Frickey would have reviewed [Plaintiff's] grievances in the context of this specific issue for the purposes of including an exhaustion defense in his 2017 Motion for Summary Judgment. (*Id.*)

Plaintiff responded in opposition to Mr. Frickey's Motion for Leave by filing a Motion to Strike the Motion for Leave on February 21, 2020. (Doc. # 231.) Plaintiff makes a host of arguments, the first of which is that the Court lacks subject matter jurisdiction to entertain Mr. Frickey's possible Second Motion for Summary Judgment. (*Id.* at 1.) Plaintiff further asserts that Mr. Frickey waived his right to raise the exhaustion defense by not raising this argument in his 2017 Motion for Summary Judgment. (*Id.* at 2.) As such, Plaintiff contends that Mr. Frickey is estopped from filing a Motion for Summary Judgment as to the exhaustion defense. (*Id.* at 3.) Mr. Frickey filed a Reply in support of his Motion for Leave on February 25, 2020. (Doc. # 234.) In response to Mr. Frickey's Reply, on March 12, 2020, Plaintiff moved for leave to file a two-page Surreply (Doc. # 236), which this Court granted on April 24, 2020 (Doc. # 240). In his Surreply, Plaintiff argues that he "need not prove that he exhausted his administrative remedies at

this stage of his civil rights complaint when the affirmative defense was available to [Mr.] Frickey when [Mr. Frickey] filed his First Motion for Summary Judgment." (Doc. # 241.)

No jury trial has been scheduled to commence.

## II.     ANALYSIS

Mr. Frickey's affirmative defense of exhaustion will, if successful, bar Plaintiff's remaining Eighth Amendment claim against Mr. Frickey. In the interest of conserving significant judicial resources, the Court grants Mr. Frickey's Motion and accepts his Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 226-2) as filed so that it can address the issue prior to trial.

None of Plaintiff's arguments persuade the Court that it would be inappropriate for the Court to grant Mr. Frickey's Motion for Leave and to assess whether Plaintiff exhausted administrative remedies before filing this suit. As a preliminary matter, the Court easily rejects Plaintiff's contention that Mr. Frickey has waived the exhaustion defense because he failed to raise it in his 2017 Motion for Summary Judgment (Doc. # 152). *See* (Doc. # 231 at 2, ¶ 2). The Court agrees with Mr. Frickey that the Tenth Circuit's Order provided added clarity to Plaintiff's Eighth Amendment claim against Mr. Frickey to the extent that it concerned allegations distinct from the Hepatitis C treatment context. (Doc. # 202; Doc. # 226 at 4, ¶ 13.) Thus, Mr. Frickey's failure to assert the exhaustion defense in his 2017 Motion for Summary Judgment was not intentional, and as such, good cause exists to permit Mr. Frickey to raise the issue now.

Moreover, Plaintiff's swarm of other arguments lack merit. First, whether the Court accepts Mr. Frickey's Motion for Summary Judgment does not depend on subject-

matter jurisdiction. The Court unequivocally has subject-matter of Plaintiff's action because it arises under federal law. See 28 U.S.C. § 1331. Further, Federal Rule of Civil Procedure 8(c)(1) does not support Plaintiff's contention that Mr. Frickey waived his ability to challenge whether Plaintiff exhausted his administrative remedies where Mr. Frickey raised this affirmative defense in both his answers. See (Doc. # 95 at 6; Doc. # 107 at 7). Next, Plaintiff cannot raise 28 U.S.C. § 2462 as a time bar against Mr. Frickey's exhaustion defense; indeed, section 2462 governs only the statute of limitations for an "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise[.]" Mr. Frickey's Motion for Leave implicates none of these matters. Third, despite Plaintiff's contention to the contrary, the Tenth Circuit did not exercise removal jurisdiction to improperly provide Mr. Frickey with a second chance to raise the exhaustion defense because removal jurisdiction does not apply to the instant case. (Doc. # 231 at 2, ¶ 3.) Rather, the Tenth Circuit simply remanded the case back to the district court upon affirming in part Judge Krieger's Order regarding Mr. Frickey's 2017 Motion for Summary Judgment. See (Doc. # 202).

Finally, Mr. Frickey's reliance on case law for the proposition that Mr. Frickey is estopped from now raising the exhaustion defense is misplaced. Although Mr. Frickey cites this Court's previous decision in *Escobar v. Mora* for the proposition that Mr. Frickey is "estopped from asserting Plaintiff's failure to exhaust as an affirmative defense" (Doc. # 231 at 3), the reasons underlying the *Escobar* decision are absent here. In *Escobar v. Mora*, the Court determined that defendants were estopped from asserting an exhaustion defense because the evidence showed that those defendants

6

"informed [p]laintiff that the grievance is resolved and no further action is needed." No. 06-cv-01222-CMA-KLM, 2011 WL 3665391, at *4 (D. Colo. Aug. 22, 2011) (internal quotations omitted). In the instant case, no such evidence is present. And Plaintiff's reliance on the Supreme Court's *Jones v. Bock* decision fares no better, because *Jones* holds only that Plaintiff need not "specially plead or demonstrate exhaustion in his complaint," not that he need not demonstrate exhaustion at all. 549 U.S. 199, 216 (2007). Accordingly, the Court is unconvinced that judicial precedent requires denial of Mr. Frickey's Motion for Leave.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Frickey's Motion for Leave to File Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 226). It is

FURTHER ORDERED that Plaintiff James R. Dawson, Jr.'s Motion to Strike Mr. Frickey's Motion for Leave to File Summary Judgment Pursuant to Federal Rule of Civil Procedure 12(f) (Doc. # 231) is DENIED. It is

FURTHER ORDERED that Mr. Frickey's Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 226-2) and accompanying exhibits (Doc. ## 226-3, 226-4, and 226-5) are **accepted for filing and shall be docketed by the Clerk's Office as separate documents with their own ECF Numbers**. It is

FURTHER ORDERED that Plaintiff shall have fourteen (14) days to respond to Mr. Frickey's Motion for Summary Judgment on the Issue of Exhaustion. Mr. Frickey shall have seven (7) days from the date of Plaintiff's Response, if any, to reply in support of his motion.

DATED: April 24, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge