IN The United States District Court
For The District of Colorado

Civil Action No. 16-CV-00489-CMA-NyW

James R. Dawson, Jr.,

    Plaintiff,

v.

Jeff Archambeau, et al.

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 21 2020
JEFFREY P. COLWELL
CLERK

---

**Plaintiff's Motion For An Order To Defendant Frickey To Conduct A _Martinez_ Investigation In Response To His Motion For Summary Judgment On Exhaustion pending Court Appointed Counsels prospective Representation**

---

Plaintiff James R. Dawson, Jr., pro se, Respectfully moves the Court for An Order to Defendant Frickey to Conduct An Investigation pursuant to _Martinez v. Aaron_, 570 F.2d 317 (10th Cir. 1978) on the Plaintiff's alleged failure to Exhaust his Administrative Remedies in this Case. As grounds therefore, the Plaintiff states the following:

1. Discovery in this Case was Completed 3½ years ago and Defendant Frickey failed to Raise the Affirmative defense of Failure to Exhaust Administrative Remedies in his initial motion For Summary Judgment which places the Plaintiff

and prospective Counsels at a disadvantage at this stage of the Plaintiff's case.

2. The Plaintiff's Fourth Renewed Motion for Appointment of Counsel was granted and prospective Counsels have yet to enter an appearance on the Plaintiff's behalf.

3. The Court issued an Order that upon either Counsels acceptance of the Plaintiff's case or non availability that Counsel or the Plaintiff had 14 days to Respond to Defendant Frickey's Motion for Summary Judgment on Exhaustion.

4. As the Plaintiff previously notified the Court to the fact that the Prison Law Library was closed indefinitely due to the Corona-19 virus and his financial inability to pay for copies of his administrative grievances related to this case, either Plaintiff or Court Appointed Counsels' attempt to Respond to a Motion for Summary Judgment on Exhaustion within 14 days without the Plaintiff's Grievances in the case is Tantamount to the Court Advocating Defendant Frickey's case for him. As this Court has held "[d]istrict Judges have no obligation to act a Counsel or para legal to

2.

pro se Litigants" <u>Pliler v. Ford</u>, 124 S.Ct. 2441 (2004). Then, by the same token, they surely have no obligation to assist attorneys representing the state <u>Day v. Donough</u>, 126 S.Ct. 1675 (2006).

5. While the basis of Defendant Frickey's motion for Summary Judgment on Exhaust is premised on Step-3 Grievance Officer Anthony DeCesaro's sworn affidavit that Defendant Frickey was not named in any of the Plaintiff's Grievances, DeCesaro's affidavit is extremely problematic because (1) the Plaintiff was not required by law to name any of the Defendants in his grievances; (2) the Plaintiff is not a medical professional, therefore when the Plaintiff could have reasonably known of the cause of his painful medical condition creates a genuine issue of material fact; and (3) Mr. DeCesaro's answer to the Plaintiff's Step-3 Grievance No. # 13/14-00050863 titled "Deliberate Indifference to my Medical Needs" specifically refers to Defendant Frickey as being the medical provider seen by the Plaintiff on 1/29/14 and states that the Plaintiff exhausted his administrative remedies regarding his medical conditions.

6. Nonetheless, before disregarding an affiants' conflicting affidavit, a district Court Judge

3.

must determine whether, as an evidentiary matter, the Affidavit was submitted in order to create a sham factual issue. <u>Hollins v. Delta Airlines</u>, 238 F.3d 1255 (10th Cir. 2001) (citing <u>Franks v. Nimmo</u>, 796 F.2d 1230, 1237 (10th Cir. 1986). The Plaintiff avers that Defendant Frikey's submission of Anthony DeCesaro's sworn Affidavit in support of his Motion for Summary Judgment on Exhaustion is exactly that ---- an attempt to create a sham factual issue.

7. The Plaintiff therefore moves the Court for an Order to Defendant Frikey to conduct a Martinez Investigation and produce all of the Plaintiff's medical grievances from January 1, 2013 to December 1, 2016 and the Chronological Entries on the Plaintiff's submission to Case Management of the grievances to settle the matter of Exhaustion.

Respectfully Submitted,
James R. Dawson Jr.
James R. Dawson, Jr.
BVCC Reg. # 46709
P.O. Box 2017
Buena Vista, CO 81211

4.

## Certificate of Service

I hereby certify that a true and correct copy of the within motion for a Martinez Report was mailed to the following individuals on this 19th day of May 2020:

Mr. Ben Strawn, Esq.
Emily Wasserman, Esq.
Kyle Holter, Esq.
Davis, Graham, & Stubbs, LLP
1550 - 17th Street, Suite 500
Denver, CO 80202

James M. Boeding, Esq.
Wheeler Trigg O'Donnell, LLP
370 - 17th Street, Suite 4500
Denver, CO 80202

/s/ James R. Dawson Jr.
James R. Dawson Jr.

Joseph P. Sanchez, Esq.
10333 Dry Creek Rd. Ste 300
Englewood, CO 80112

Karen Lorenz
Assistant Attorney General
1300 Broadway, 10th Fl
Denver, CO 80203

5.





**COURT FILING STAMP**

FACILITY: BVCC
DATE REC'D: 5-19-2020
STAFF LAST NAME: Humbert
ID#: 20283
INT: PH
DOC#: 46702
OFFENDER LAST NAME: Bacchus
INT: JRU