IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00489-CMA-NYW

JAMES R. DAWSON, JR.,

    Plaintiff,

v.

JEFF ARCHAMBEAU, CEO of Colorado Health Partners,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
SUSAN TIONA, Chief Medical Officer of the Colorado Department of Corrections,
C. IRELAND, FCF Health Providers,
T. SICOTTE, and
R. FRICKEY,

    Defendants.

---

**ORDER GRANTING DEFENDANT FRICKEY'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Nurse Practitioner Robert Frickey's Motion for Summary Judgment on the Issue of Exhaustion (the "Motion" or "Motion for Summary Judgment"), wherein Mr. Frickey asserts that he is entitled to summary judgment on Plaintiff's remaining claim against him because Plaintiff failed to exhaust his administrative remedies with respect to that claim. *See generally* (Doc. # 243). For the reasons that follow, the Court grants the Motion.

    **I.**    **BACKGROUND**

**A.**    **FACTUAL BACKGROUND**

Plaintiff, Mr. James R. Dawson, Jr., is an inmate in the custody of the Colorado

Department of Corrections ("CDOC") who has Hepatitis C. Between 2014 and 2015, Mr. Dawson sought medical treatment while incarcerated at Fremont Correctional Facility from various CDOC medical care providers. Relevant to the instant Motion, Mr. Dawson had one appointment with Mr. Frickey, a CDOC nurse practitioner, on January 24, 2014. At his appointment with Mr. Frickey, Mr. Dawson requested a discussion of treatment options for Hepatitis C and requested that a diagnostic colonoscopy be rescheduled. Mr. Dawson alleges, and Mr. Frickey denies, that he informed Mr. Frickey that he was experiencing disabling abdominal pain.

Mr. Dawson filed three sets of grievances with CDOC that relate to his medical care.[1] Mr. Dawson filed Grievance C-FF13/14-00050863 ("First Grievance") on January 13, 2014, prior to his appointment with Mr. Frickey. The First Grievance concerned deliberate indifference to Mr. Dawson's medical needs related to inadequate preparation for a scheduled colonoscopy. Therein, Mr. Dawson requested, in part, that the colonoscopy be rescheduled with proper preparation.[2] CDOC denied Mr. Dawson's

---

[1] The Third Grievance—Grievance CFF 15/16-00084024-2—is not relevant to the instant Motion. It concerns "discrimination in violation of the Fourteenth Amendment," and summary judgment entered in favor of Mr. Frickey on Mr. Dawson's Fourteenth Amendment claim against him. Accordingly, the Court limits its discussion to the First and Second Grievances herein.

[2] The First Grievance reads as follows:

> On 1/6/14, I was given an inadequate amount of laxative and fraudulent instructions on how and when to use the inadequate laxative for a scheduled colonoscopy. On 1/7/14, when I went to get my colonoscopy, I was informed by hospital medical staff that due to inadequate prep being given to me by FCF medical staff that my colonoscopy could not be performed. My father had colon cancer, polyps were found during my last colonoscopy five years ago, and I recently discovered blood in my stool.
>
> My requested remedy is to be rescheduled for my colonoscopy, receive the proper preparation, and given the names of the nurses responsible for the inadequate colonoscopy laxative give to me on 1/6/2014. . . .

2

First Grievance at all three steps of the grievance process, culminating in a letter from Step 3 Grievance Officer Anthony A. DeCesaro on March 20, 2014. *See generally* (Doc. # 270-1 at 7–10). The letter stated, in part, as follows:

> You met with a provider on 1/29/14 and another request for a colonoscopy was made on your behalf. Your treatment appears to be adequate and appropriate for your condition. . . . I do not find that DOC was or is deliberately indifferent to your medical condition and therefore cannot recommend any relief in this matter. . . . This is the final administrative response in this matter and you have exhausted your administrative remedies.

(*Id.* at 10.)

Mr. Dawson filed a second grievance related to medical care with CDOC on August 19, 2015. (*Id.* at 11.) Grievance C-FF15/16-00079119 ("Second Grievance") concerns deliberate indifference to a serious medical need stemming from a lack of Hepatitis C monitoring and a delay in the determination of Mr. Dawson's request to receive a new Hepatitis C medication.[3] Mr. Dawson requested Hepatitis C treatment and that he be informed of his status for medication. CDOC denied Mr. Dawson's Second Grievance at all steps of the grievance process. Mr. DeCesaro issued a letter to Mr. Dawson on October 19, 2015, in which he explained that Mr. Dawson was being assessed to determine the appropriate treatment program for him, in accordance with Hepatitis C treatment protocol. (*Id.* at 14.) Mr. DeCesaro denied Mr. Dawson's request

---

(Doc. # 270-1 at 7.)

[3] Therein, Mr. Dawson grieved that he "had not received any type of Hep-C monitoring in two years." (*Id.*) With respect to the new Hepatitis C medication, Mr. Dawson stated that he was advised by FCF Medical Staff to contact Mental Health to inquire about his approval for the new Hepatitis C treatment and that he had received no answer.

3

for relief and stated "[t]his is the final administrative response in this matter and you have exhausted your administrative remedies." (*Id.*)

## B. PROCEDURAL HISTORY

Mr. Dawson initiated this case with his Prisoner Complaint on February 25, 2016. (Doc. # 1.) In his Amended & Supplemental Prisoner Complaint, Mr. Dawson brings the following claims under 42 U.S.C § 1983 for various constitutional violations:

1) Claim One – that Mr. Raemisch, Dr. Tiona, and Mr. Archambeau violated his right to equal protection by creating, implementing, and applying a discriminatory policy to delay and deny him a cure for Hepatitis C, while providing a cure to other similarly situated inmates (Fourteenth Amendment), and that said defendants were deliberately indifferent to his serious medical needs (Eighth Amendment);

2) Claim Two - that Dr. Ireland, Ms. Sicotte, Mr. Frickey, and Ms. Hibbs were deliberately indifferent to his serious medical needs, in failing to monitor his Hepatitis C and in failing to provide any treatment for acute symptoms of that disease (Eighth Amendment); and

3) Claim Three - that Dr. Ireland, Ms. Sicotte, Mr. Frickey, and Ms. Hibbs violated his due process rights by failing to follow the Clinical Standards for treatment of his Hepatitis C (Fourteenth Amendment).

*See generally* (Doc. # 102).

On March 30, 2018, Judge Marcia Krieger granted summary judgment in favor of all Defendants on all claims. (Doc. # 186.) The Tenth Circuit affirmed Judge Krieger's grant of summary judgment on Claim Three, the portion of Claim One alleging a Fourteenth Amendment violation, and Plaintiff's Eighth Amendment claims to the extent they concerned Mr. Dawson's ongoing need for Hepatitis C treatment. (Doc. # 202); *Dawson v. Archambeau*, 763 F. App'x 667, 672 (10th Cir. 2019). The Tenth Circuit reversed, in relevant part, the grant of summary judgment to the medical provider Defendants, including Mr. Frickey, on Mr. Dawson's Eighth Amendment claim that they

4

were deliberately indifferent to Mr. Dawson's serious medical needs in failing to provide any treatment for the acute symptoms he reported. *Dawson*, 763 F. App'x at 673. The Tenth Circuit remanded the claims to the district court for further consideration.

On remand, Judge Krieger granted summary judgment to Defendants Archambeau, Raemisch, and Tiona on the remaining Eighth Amendment claims against them and ordered that Mr. Dawson's Eighth Amendment claims that Defendants Ireland, Sicotte, Frickey, and Hibbs[4] were deliberately indifferent to his serious medical needs in failing to provide any treatment for his reported acute pain shall proceed to trial. *See* (Doc. # 214 at 27–28). Accordingly, Mr. Dawson's only remaining claim against Mr. Frickey relates to Mr. Frickey's alleged failure to provide treatment for Mr. Dawson's acute abdominal pain under the Eighth Amendment.

On February 3, 2020, Mr. Frickey moved this Court for leave to file the instant Motion for Summary Judgment on the Issue of Exhaustion, which the Court granted. *See* (Doc. # 226); (Doc. # 242). Mr. Frickey filed the Motion on April 24, 2020. (Doc. # 243.) Thereafter, Mr. Dawson moved the Court to order Mr. Frickey to produce the medical grievances he filed between April 2, 2014, and April 2, 2015. (Doc. # 254.) In response, Mr. Frickey noted that Mr. Dawson did not file any grievances during the time frame requested. (Doc. # 259 at 2.) Nonetheless, Mr. Frickey produced three grievances, which he explained were "the only medically-related grievances which Plaintiff submitted to the CDOC during the time period of December 2011 through

---

[4] Ms. Hibbs and all claims asserted against her have since been dismissed with prejudice. On May 15, 2020, Magistrate Judge Nina Y. Wang construed Plaintiff's Motion to Dismiss Defendant D. Hibbs as a self-effectuating dismissal of Ms. Hibbs pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See* (Doc. ## 246, 250).

August 2016." (*Id.* at 2); *see generally* (Doc. # 259-1). Counsel for Mr. Dawson entered their appearances in June 2020, and filed a Response to Defendant Frickey's Motion on July 9, 2020. (Doc. # 270.) Mr. Frickey filed a Reply. (Doc. # 273.)

## II.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Conversely, if the

movant has the burden of proof, a more stringent summary judgment standard applies; the movant must establish all essential elements of the issue as a matter of law before the nonmovant can be obligated to bring forward any specific facts alleged to rebut the movant's case. *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.    ANALYSIS

Defendant Frickey moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies as to the only remaining claim against Mr. Frickey—i.e., that Mr. Frickey was deliberately indifferent to Plaintiff's complaints of acute abdominal pain under the Eighth Amendment. Plaintiff responds that Mr. Frickey has not met his initial burden on summary judgment because his Motion relies on a deficient affidavit from CDOC Step 3 Grievance Officer DeCesaro. Mr. Dawson argues in the alternative that the First and Second Grievances create a genuine issue of

7

material fact as to whether he exhausted his administrative remedies with respect to his remaining claim against Mr. Frickey. (Doc. # 36 at 7, 12.) The Court finds that Plaintiff has failed to raise any genuine issues of material fact for trial with respect to administrative exhaustion. Thus, Defendant Frickey is entitled to summary judgment.

### A.     APPLICABLE LAW – EXHAUSTION

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a precondition to filing suit and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "Failure to exhaust under the PLRA is an affirmative defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones v. Bock,* 549 U.S. 199, 212 (2007)). "Defendants thus bear the burden of asserting and proving that the plaintiff did not utilize administrative remedies." *Id.*

To satisfy the exhaustion requirement, a plaintiff "must complete the administrative review process in accordance with the applicable procedural rules—rules

that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (internal citations and quotation marks omitted). Thus, a plaintiff is required to comply with an "agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, by "using all the steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). The Tenth Circuit has held that, absent notice to the plaintiff of what specific information must be included in a grievance, "a grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008).

**B.     ANALYSIS**

    1.     <u>Mr. Frickey is Entitled to Summary Judgment</u>

CDOC Administrative Regulation 850-04 ("AR 850-04") governs the submission and review of CDOC grievances. *See* (Doc. # 243-3). It includes three levels of review, designated Steps 1 through 3. Under the regulations, a "Step 1 Grievance must be filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts given rise to the grievance." AR 850-04(IV)(F)(1)(a). Moreover, "[t]he grievance shall clearly state the basis for the grievance and the relief requested in the space provided on the [Colorado Department of Corrections Offender Grievance] form." AR 850-04(IV)(D)(9)(b). The Grievance Form, in turn, instructs the individual to "[c]learly

9

state [the] basis for grievance or grievance appeal" and to "[s]tate specifically what remedy [he or she] is requesting[.]" *See, e.g.*, (Doc. # 270-1 at 7 (First Grievance)).

Mr. Frickey submitted with his Motion for Summary Judgment the Affidavit of Step 3 Grievance Officer Anthony DeCesaro. (Doc. # 243-2.) Mr. DeCesaro is the custodian of records for Step 3 grievances. (*Id.* at 1.) Therein, Mr. DeCesaro states that he reviewed CDOC's records concerning the grievances filed by Mr. Dawson and found that Mr. Dawson failed to submit any grievances concerning his allegations that "former CDOC Nurse Practitioner Robert Frickey violated his Eighth Amendment rights by being deliberately indifferent to his medical needs, specifically, regarding complaints of disabling abdominal pain that he alleges he made during a medical appointment on January 29, 2014." (*Id.* at 4.)

Mr. Dawson asserts that Mr. DeCesaro conducted an overly narrow review of CDOC records and that, therefore, his Affidavit cannot be relied on to establish that Mr. Dawson failed to exhaust his administrative remedies as a matter of law. However, the undisputed facts demonstrate that Mr. Dawson failed to file a grievance within 30 days of his single appointment with Mr. Frickey, as required by AR 850-04.[5] Moreover, the

---

[5] A district court "may take judicial notice of documents in the public record, including the court's own docket." *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1053 (D. Colo. 2011) (citing *State Farm Mutual Automobile Insurance Co. v. Boellstorff,* 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008)). Moreover, "[t]he doctrine of judicial notice has been utilized, [s]ua sponte, when the defending party's motion for summary judgment is predicated on affirmative defenses . . . ." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). In this case, the Court takes judicial notice of the three medically related grievances filed by Mr. Dawson between December 2011 and August 2016, as entered into the record by Mr. Frickey at Mr. Dawson's request on May 29, 2020. *See* (Doc. ## 259–259-1). Plaintiff submitted his First and Second Grievances for the Court's consideration in support or his Response to Mr. Frickey's Motion for Summary Judgment. *See* (Doc. # 270-1 at 7–10 (First Grievance)); (*id.* at 11–14 (Second Grievance)).

10

undisputed facts demonstrate that Mr. Dawson failed to grieve, at any point, any conduct by Mr. Frickey. In fact, there is no evidence that he grieved any CDOC medical care provider's failure to treat his acute abdominal pain. *See generally* (Doc. # 270-1). Accordingly, Mr. Frickey is entitled to summary judgment on Mr. Dawson's remaining claim against him because Mr. Dawson failed to exhaust his administrative remedies with respect to that claim.

        2.      <u>Mr. Dawson has Failed to Create a Genuine Issue of Material Fact for Trial</u>

Mr. Dawson argues that the First and Second Grievances create a genuine issue of material fact as to whether he exhausted his administrative remedies. The Court finds that neither grievance satisfies the minimum requirement that Mr. Dawson provide prison officials with enough information to internally investigate and address his complaint regarding Mr. Frickey's treatment of his abdominal pain. *Kikumura*, 461 F.3d at 1285. Accordingly, neither grievance creates a genuine issue of material fact for trial.

Mr. Dawson argues that the First Grievance meets the exhaustion threshold under the PLRA because it grieves deliberate indifference to medical needs related to inadequate treatment. (Doc. # 270 at 14.) In doing so, Mr. Dawson encourages the Court to read the grievance broadly to concern his "dissatisfaction with the treatment he received during the series of medical appointments culminating in his meeting with Defendant [Frickey] on January 29, 2014." (*Id.* at 13.) However, the First Grievance predates Mr. Dawson's appointment with Mr. Frickey and is wholly unrelated to the acute abdominal pain Mr. Dawson claims Mr. Frickey failed to treat. Indeed, the First Grievance is narrow in scope, concerning a colonoscopy that needed to be rescheduled

11

and Mr. Dawson's family history of colon cancer. Mr. Dawson alleges that he "reported, but received no treatment, for disabling abdominal pain" at each medical appointment, but his First Grievance bears no mention of such pain. Therefore, his First Grievance failed to provide prison officials with enough information to investigate and address his complaints of abdominal pain.[6]

Likewise, the Second Grievance does not create a genuine issue of material fact for trial with respect to whether Mr. Dawson satisfied the administrative exhaustion requirement. The Second Grievance concerns a lack of Hepatitis C monitoring over a two-year period and a delay in the determination of Mr. Dawson's request to receive a new Hepatitis C medication. The Second Grievance was filed a year and a half after Mr. Dawson's appointment with Mr. Frickey and bears no mention of pain complaints or inadequate treatment for acute symptoms. Accordingly, the Second Grievance does not provide notice that Mr. Frickey failed to provide treatment for abdominal pain or any other acute symptoms.[7]

---

[6] Mr. Dawson also asserts that the First Grievance put prison officials on sufficient notice of his complaint because the Step 3 Letter from Mr. DeCesaro mentions Mr. Frickey. (Doc. # 270 at 15.) However, Mr. DeCesaro mentioned Mr. Frickey in his letter to confirm that Mr. Dawson's colonoscopy was rescheduled by a medical care provider. *See* (Doc # 270-1 at 10) ("You met with a provider on 1/29/14 [Mr. Frickey] and another request for a colonoscopy was made on your behalf. Your treatment appears to be adequate and appropriate for your condition."). Mr. DeCesaro's letter does not indicate that prison officials were on notice of, or internally investigated, Mr. Dawson's complaint that he had received inadequate treatment for abdominal pain from Mr. Frickey.

[7] Mr. Dawson asserts that CDOC waived its 30-day timeliness requirement with respect to Mr. Frickey by reviewing the Second Grievance on the merits. *See* (Doc. # 270-1 at 14) (stating "[t]his is the final administrative response in this matter and you have exhausted your administrative remedies"). The Court finds that, even if CDOC waived the 30-day requirement with respect to the content of the Second Grievance, said waiver would be limited to the subject matter of the grievance—i.e., ongoing Hepatitis C monitoring and Hepatitis C medication. Mr. Dawson's Eighth Amendment claims concerning ongoing need for Hepatitis C treatment are no

12

The cases Mr. Dawson relies on to argue that the First and Second Grievances create a genuine issue of material fact are inapposite and do not cure his failure to put prison officials on notice of his complaint against Mr. Frickey. Mr. Dawson cites to *Lewis v. Naku*, No. CIVS070090RRBDADP, 2007 WL 3046013, at *5 (E.D. Cal. Oct. 18, 2007), *report and recommendation adopted,* No. CIVS070090RRBDADP, 2008 WL 895746 (E.D. Cal. Mar. 31, 2008), for the proposition that a plaintiff need not file a separate grievance each time he allegedly receives inadequate medical care for an ongoing condition. Assuming the same tenet holds true in the Tenth Circuit, *Lewis* is readily distinguishable from the instant case. The plaintiff in *Lewis* maintained throughout his administrative grievances that he received inadequate medical care for a particular injury and presented "the very same claim" in his complaint. *Id.* at *5. To that effect, the *Lewis* court found that "prison officials would not have been any[ ]more aware of the problem about which plaintiff was complaining had he re-started the grievance process each time he saw one of the defendants and continued to receive allegedly inadequate medical care for his back and knee injuries." *Id.* By contrast, in this case, Mr. Dawson failed to submit any grievance that mentions inadequate treatment for abdominal pain symptoms, which is his only remaining claim against Mr. Frickey. Because Mr. Dawson's grievances do not concern the subject matter of his claim

---

longer before the Court. *Dawson*, 763 F. at 673 (affirming grant of summary judgment on Eighth Amendment claims to the extent they concerned ongoing need for Hepatitis C treatment). The Second Grievance does not relate to Mr. Dawson's claim against Mr. Frickey for failure to treat acute abdominal pain, so Mr. DeCesaro's review of the Second Grievance on the merits does not waive CDOC's timeliness requirement with respect to the remaining claim against Mr. Frickey.

against Mr. Frickey, they do not establish the ongoing notice of inadequate medical treatment central to the Eastern District of California's decision in *Lewis*.[8]

Accordingly, Mr. Frickey is entitled to summary judgment on Mr. Dawson's remaining claim against him for failure to exhaust his administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Nurse Practitioner Robert Frickey's Motion for Summary Judgment on the Issue of Exhaustion (Doc. # 243) is GRANTED. It is ORDERED that summary judgment shall enter in favor of Defendant Frickey and against Plaintiff. Mr. Dawson's Eighth Amendment claims against Dr. Ireland and Ms. Sicotte for deliberate indifference to his serious medical needs in failing to provide any treatment for acute pain remain.

DATED: December 10, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[8] Plaintiff also cites to *Gomez v. Winslow*, 177 F. Supp. 2d 977 (N.D. Cal. 2001), which is distinguishable on a similar basis. In *Gomez*, the Northern District of California declined to construe the plaintiff's amended complaint as asserting distinct claims for inadequate medical care that each required exhaustion where the plaintiff "made clear," "beginning at the first level of the administrative grievance procedure, . . . that his concern was with the inadequate medical treatment he had received for hepatitis[.]" *Id.* at 982. As in *Lewis*, the *Gomez* court concluded that prison officials were on notice that the plaintiff "had been and was continuing to receive inadequate medical care for his hepatitis . . . ." *Id.* at 982. The same may not be said in this case, where Mr. Dawson failed to submit any grievances that concern the subject matter of his claim against Mr. Frickey.